IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY STEPHENSON,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3: 18-cv-0103-NJR-DGW |
| **FLORILLI TRANSPORTATION, LLC and LOUIS FREEMON,** | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge:**

On September 26, 2018, an in-person hearing was held on Defendant Florilli's Motion to Compel Compliance with Subpoena (Doc. 45) and a discovery dispute between the parties. Federal Rule of Civil Procedure 26(b) limits discovery to non-privileged matters relevant to any party's claim or defense and proportional to the needs of the case. The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003). However, for discovery purposes, relevancy is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the case. *Bd. of Trustees of the Univ. of Ill. v. Micron Technology, Inc.*, Case No. 2:11-cv-2288-SLD-JEH, 2016 WL 4132182, *2 (C.D. Ill., Aug. 3, 2016); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Based on the information presented during the conference, the Court makes the following

findings and enters the following Order:

   I.   **Regarding the Motion to Compel Compliance with Subpoena (Doc. 45):**

The Court finds good cause to compel compliance with Defendant Florilli's subpoena for medical records directed at Kathryn Klee, LCSW. In an effort to resolve the situation without further court intervention, Defendant Florilli has requested one more opportunity to try to persuade Ms. Klee to comply with the subpoena. The matter is therefore **TAKEN UNDER ADVISEMENT**. By October 8, 2018, Defendant Florilli shall either request leave to withdraw the Motion to Compel or file a notice with the Court indicating the Motion to Compel is still at issue

   II.  **Regarding Defendants' First Set of Interrogatories:**

   A. Plaintiff shall **SUPPLEMENT** his answers to Interrogatory 1 with Plaintiff's ISP and email addresses from January 6, 2017 to date no later than **October 8, 2018**.

   B. Plaintiff shall **SUPPLEMENT** his answers to Interrogatory 13 with a list of the names of all medical and mental health providers Plaintiff has seen over the past fifteen years by **October 8, 2018**. The parties are further **ORDERED** to meet and confer prior to September 28, 2018 regarding known missing records.

   C. The Court sustains Plaintiff's objection to Interrogatory 15.

   III. **Regarding Medical Records Requested in Plaintiff's First Request for Production of Documents:**

Defendant Florilli objected to Request for Production 12, 13 and 14 on the ground that they sought documents containing Defendant Freeman's medical records, which they allege are not at issue in the matter. The Court reviewed the letter briefs and case law submitted by the parties and finds Plaintiff is entitled to the documents sought. Defendant Florilli is **ORDERED** to produce

the documents requested in paragraphs 12, 13 and 14 no later than **October 8, 2018**; specifically, all medical records or reports in its possession relating to Defendant Freemon. Should the parties request, the Court would entertain a motion for protective order.

**IT IS SO ORDERED.**

**DATED: October 1, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**